IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTANA RILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18 -CV-1630 -MAB |
| | ) |
| KENT BROOKMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# <u>MEMORANDUM AND ORDER</u>

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 37(b)(2) and Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### FACTUAL BACKGROUND

Plaintiff Santana Riles filed this *pro se* lawsuit under 42 U.S.C. § 1983 on August 28, 2018 (Doc. 1). He is proceeding on a Fourteenth Amendment claim against Defendant Kent Brookman (Doc. 9, p. 5-6) and an Eighth Amendment claim against Defendants Lisa Goldman, Melissa Pappas, and Robert Mooney. *Id.* Defendants Brookman and Goldman are collectively known as the "Illinois Department of Corrections," or "IDOC," Defendants. Defendants Pappas and Mooney are collectively known as the "Wexford Defendants."

On September 19, 2019, Plaintiff sought Court intervention and filed a motion to

compel for Defendants Brookman and Goldman to respond to Plaintiff's interrogatories, originally sent to Defendants on July 17, 2019 (Doc. 38). Defendants Brookman and Goldman opposed this motion, stating they never received the interrogatories (Doc. 39). On October 7, 2019, the Court granted in part and denied in part Plaintiff's motion to compel, directing Defendants Brookman and Goldman to respond to Plaintiff's discovery on or before November 4, 2019 (Doc. 40).

Plaintiff again sought Court intervention on November 7, 2019 after not receiving Defendants Brookman and Goldman's discovery response (Doc. 42). Around that time, Plaintiff was released from incarceration (Doc. 41). On January 2, 2020, Defendant Mooney filed a motion to compel directed at Plaintiff for failing to respond to discovery requests by the December 2, 2019 deadline (Doc. 50).

To address both motions to compel (Docs. 42, 50), the Court held a telephonic motion hearing on January 27, 2020. IDOC and Wexford Defendants appeared through their attorneys; however, Plaintiff failed to appear (Doc. 53). During this hearing, the Court granted Defendant Mooney's motion to compel (Doc. 50) and ordered Plaintiff to respond to Defendant's discovery requests by February 26, 2020 (Doc. 53). On February 28, 2020, Defendants filed notice with the Court that Plaintiff failed to respond to discovery requests (Doc. 57). On March 6, 2020, the Court ordered Plaintiff to show cause in writing by April 6, 2020 as to why his case should not be dismissed for failure to respond to discovery and failure to prosecute. *See* FED. R. CIV. P. 37(b)(2), 41(b). Plaintiff was also explicitly warned that if he failed to respond to this Order, the case would be dismissed (Doc. 58). The Order was sent to Plaintiff via certified mail on or around March

10, 2020. The Court received a return of service form, signed by Plaintiff, on March 17, 2020 (Doc. 59).

As a result of the COVID-19 pandemic, this Court entered several Administrative Orders extending certain deadlines. Specifically, the Court issued Amended Administrative Order No. 261 (entered on March 21, 2020) and Second Amended Administrative Order No. 261 (entered on April 1, 2020). These Administrative Orders extended Plaintiff's April 6, 2020 response deadline sixty days to June 5, 2020. Plaintiff has filed nothing in response to the Court's warnings in its last Order (Doc. 58). In fact, Plaintiff has not filed anything with the Court since early November 2019 when he informed the Court of his new address and filed his motion to compel discovery with sanctions (Docs. 41, 42).

## ANALYSIS

Under the Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). Under Rule 37(b)(2)(A), a court can likewise dismiss an action if the plaintiff "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d

1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines or communicating with the Court. Plaintiff was directed to respond to outstanding discovery. He failed to do so by the deadline despite being warned of the consequences. He also has failed to respond to the motions filed by Defendant in an effort to prompt his participation. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, this action is **DISMISSED with prejudice** pursuant to Rule 37(b)(2) and Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667

F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: June 10, 2020**

s/ Mark A. Beatty<br>
**MARK A. BEATTY**<br>
**United States Magistrate Judge**